UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

————

No. 1:26-cv-01680

————

**Segura Bravo,**
*Petitioner,*

v.

**Vergara, et al.,**
*Respondents.*

————

## ORDER

Adalberto Segura Bravo is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing and an injunction prohibiting his transfer outside the Western District of Texas. Because his detention is lawful, his petition and request for an injunction are denied.

## BACKGROUND

Petitioner last entered the United States without inspection in or about 2000. Petitioner has been a DACA Recipient since 2017, and his renewal is currently pending before the United States Citizenship and Immigration Services. On May 3, 2026, Petitioner was intoxicated and caused a car accident. Petitioner was arrested. Federal immigration officials took him into custody on May 16, 2026. Petitioner is currently in Respondents' custody at the T. Don Hutto Detention Center in Taylor, Texas.

On June 22, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking

1

immediate release or an individualized bond hearing and an injunction prohibiting his transfer outside the Western District of Texas. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

### LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

2

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Immigration and Nationality Act, bond regulations, his rights as a member of a "bond eligible" class, and the Administrative Procedure Act. His arguments, however, fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either.[1]

Petitioner claims that the "Bond Hearing must be Reasonably and Constitutionally Adequate[.]" It is unclear whether Petitioner is asserting that he received a bond hearing, but that it was inadequate *or* whether he is requesting an adequate bond hearing. If it is the former, this Court lacks jurisdiction to review the Immigration Judge's ruling. 8 U.S.C. 1226(e); *see e.g.*, *Velasquez-Gutierrez v. U.S. Immigr. & Customs Enf't*, No. 1:26-cv-01066-ADA, 2026 WL 1232292, at *1 (W.D. Tex. May 5, 2026) (denying a habeas petition because the court lacks jurisdiction to review the immigration judge's bond determination). And even if this Court had jurisdiction, the

---

[1] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. 2026), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs, Miss.*, 763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning.

3

Court could not grant the relief he requests because he has not shown he exhausted his administrative remedies. *See generally* 8 C.F.R. §§ 1103.19, 1236.1. If it is the latter, Petitioner's request is denied for the reasons stated *infra*.

Out-of-circuit class actions do not control. Petitioner cannot rely on *Guerrero Orellana v. Moniz*, 813 F. Supp. 3d 185 (D. Mass. 2025) or *Maldonado Bautista v. Santacruz*, 820 F. Supp. 3d 1016 (C.D. Cal. 2026) for relief. *See Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240, at *7 (W.D. Tex. June 8, 2026). The reasons underpinning both decisions are contrary to the Fifth Circuit's *Buenrostro* decision. *Id.* (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026)). "As a district court, we are 'not free to overturn our circuit's precedent.'" *Id.* (quoting *Green v. Thomas*, 129 F.4th 877, 890 (5th Cir. 2025)). For the reasons set forth in Parts I–III and V of this Court's decision in *Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240 (W.D. Tex. June 8, 2026), the Court denies the petition.

Petitioner is also not entitled to an injunction from transfer outside the district. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order restraining the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner's request for an injunction is denied.

\*   \*   \*

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on August 10, 2026.*

_____

ANDREW DAVIS
United States District Judge

5